UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDY MCDONALD (#452858)

VERSUS

DR. RANDY LAVESPERE, ET AL.

CIVIL ACTION

NO. 18-743-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 7, 2019.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDY MCDONALD (#452858)

VERSUS

DR. RANDY LAVESPERE, ET AL.

CIVIL ACTION

NO. 18-743-SDD-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Motion for Judgment on the Pleadings filed on behalf of defendants Department of Public Safety and Corrections ("DPSC"), Dr. Randy Lavespere, and Tracy Falgout (R. Doc. 20). The motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA") against the aforementioned defendants complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He prays for monetary and injunctive relief.

The defendants move for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and assert, *inter alia*, that the plaintiff has failed to state a claim upon which relief may be granted. A motion for judgment on the pleadings is evaluated on the same basis as a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010) (*citing Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*

*Corp. v. Twombly*, *supra,* at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges that he suffers from post-herpetic neuralgia due to the shingles virus, peripheral neuralgia due to type-2 diabetes, and severe neurological and musculoskeletal back pain due to degenerative disc and joint disease post spinal fusion and vertebral laminectomy. Prior to being incarcerated and for years at LSP, the plaintiff's pain was treated with Gabapentin (Neurontin) while this medication was included in the drug formulary. Pursuant to a policy, practice, or custom of the defendants of allowing

security to influence which medications can be used to treat prisoners, the medication was removed from the drug formulary. For non-medical reasons, and purely due to the request of security, the plaintiff's medication was replaced with ineffective medications. Moreover, the plaintiff's medication was replaced with Cymbalta, which is contraindicated for patients like the plaintiff with chronic liver dysfunction.

Policies in place require security to observe prisoners consume medications that are not kept on their person at the time they are dispensed. As such, the plaintiff's effective medication, Neurontin, cannot be abused. However, security refuses to follow this policy.

The plaintiff has refused Cymbalta since is it contraindicated for one of his medical conditions and is suffering from needless pain. The plaintiff is unable to sleep, and it is difficult to walk the nearly two miles required of him due to pain. The plaintiff is also limited in his ability to care for himself and work. Nevertheless, the defendants have refused to order Neurontin for the plaintiff despite his requests, and his neurologist is no longer allowed to prescribe the medication due to the aforementioned policy.

This Court has previously dismissed the plaintiff's § 1983 claims against the DPSC, and the plaintiff's § 1983 claims asserted against defendants Dr. Lavespere and Falgout for monetary damages in their official capacities. This Court has also previously determined that the plaintiff's Complaint, as amended, <u>states</u> a claim for deliberate indifference to his serious medical needs against defendants Dr. Lavespere and Falgout. *See* R. Docs. 21 and 23. The Court will not repeat that analysis again here. Accordingly, the instant Motion is moot in all regards except as to the plaintiff's claims brought pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA").

In order to establish a violation of the ADA, the plaintiff must be able to demonstrate (1) that he is a qualified individual within the meaning of the Act, (2) that he is being excluded from participation in or being denied the benefits of services, programs, or activities for which the defendants are responsible, or is otherwise being discriminated against by the defendants, and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997).

The plaintiff's allegations in the instant case do not meet this 3-part test *vis-a-vis* the defendants. The plaintiff offers no factual allegations which show that he is being discriminated against by reason of his disability, which he alleges to by polyneuropathy and post-herpetic neuralgia, and neurological and musculoskeletal pain. To the contrary, the alleged improper action of failing to prescribe Neurontin has no connection the plaintiff's alleged disability. Rather, the plaintiff alleges that Neurontin was removed from the LSP formulary at the instigation of security which affected hundreds of LSP inmates. The plaintiff has not alleged that he is being treated differently because of his disability. *See Hay v. Thaler,* 470 F. App'x. 411, 418 (5th Cir. 2012) (finding no ADA violation where the plaintiff complained that prison officials refused, due to a change in the prison's policy, to provide him with dentures where the plaintiff made no showing that the refusal was "by reason of his disabilities"). Accordingly, the Court recommends that the defendants' Motion be granted as to the plaintiff's ADA/RA claims, dismissing these claims, with prejudice, for failure to state a claim upon which relief can be granted.[1]

---

[1] The same finding is applicable under the RA because the basis for recovery under that statute is coextensive with the recovery obtainable under the ADA. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion for Judgment on the Pleadings (R. Doc. 20) be granted in part, dismissing the plaintiff's ADA/RA claims with prejudice. It is further recommended that in all other regards the Motion (R. Doc. 20) be denied as moot, and this matter be referred back to the magistrate judge for further proceedings.

Signed in Baton Rouge, Louisiana, on August 7, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**