## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RANDY MCDONALD (#452858)**

**VERSUS**

**DR. RANDY LAVESPERE, ET AL.**

**CIVIL ACTION**

**NO. 18-743-SDD-SDJ**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 29, 2020.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RANDY MCDONALD (#452858)**

**VERSUS**

**DR. RANDY LAVESPERE, ET AL.**

**CIVIL ACTION**

**NO. 18-743-SDD-SDJ**

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Before the Court is the Motion for Summary Judgment filed on behalf of defendant Dr. Randy Lavespere and Tracy Falgout (R. Doc. 110). The Motion is opposed. *See* R. Doc. 113.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA") against the Dr. Randy Lavespere, Tracy Falgout, and the Department of Public Safety and Corrections, complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs.[1] He prays for monetary and injunctive relief.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, copies of the plaintiff's medical records, the affidavits of defendants Lavespere and Falgout, and copies of DOC healthcare policies HC-01 Access to Care and Clinical Services and HC-17 Pharmaceuticals. The plaintiff opposes the defendants' Motion for Summary Judgment, relying upon the pleadings, his own declaration, copies of DOC healthcare policies HC-01 Access to Care and Clinical Services and HC-17 Pharmaceuticals, a copy of Nursing Service 2019 Policy and Procedure Review/Revision, LSP Directive 13.006 Health Care Services, excerpts of his medical records, a copy of the DOC Formulary Policy and Procedures,

---

[1] The plaintiff's only remaining claim is for deliberate indifference to his serious medical needs asserted against defendants Lavespere and Falgout in their individual capacities. *See* R. Docs. 21, 23, 46, and 49.

copies of e-mails, and a copy of the DOC Formulary Policy and Procedures from 2011.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248.

This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or

resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended, the plaintiff alleges that he suffers from post-herpetic neuralgia due to the shingles virus, peripheral neuralgia due to type-2 diabetes, and severe neurological and musculoskeletal back pain due to degenerative disc and joint disease post spinal fusion and vertebral laminectomy. Prior to being incarcerated and for years at LSP, the plaintiff's pain was treated with Gabapentin (Neurontin) while this medication was included in the drug formulary. Pursuant to a policy, practice, or custom of the defendants of allowing security to influence which medications can be used to treat prisoners, the medication was removed from the drug formulary. For non-medical reasons, and purely due to the request of security, the plaintiff's medication was replaced with ineffective medications. Moreover, the plaintiff's medication was replaced with Cymbalta, which is contraindicated for patients like the plaintiff with chronic liver dysfunction.

Policies in place require security to observe prisoners consume medications that are not kept on their person at the time they are dispensed. As such, the plaintiff's effective medication, Neurontin, cannot be abused. However, security refuses to follow this policy.

The plaintiff has refused Cymbalta because is it contraindicated for one of his medical conditions and is suffering from needless pain. The plaintiff is unable to sleep, and it is difficult to walk the nearly two miles required of him due to pain. The plaintiff is also limited in his ability to care for himself and work. Nevertheless, the defendants have refused to order Neurontin for the plaintiff despite his requests, and his neurologist is no longer allowed to prescribe the medication due to the aforementioned policy.

Defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff's allegations and

evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[2]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that motion for summary judgment should be granted. Specifically, the Court finds

---

[2] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial," the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

that there are no disputed questions of material fact regarding the plaintiff's claim for deliberate indifference to his serious medical needs.

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

The competent summary judgment evidence submitted by defendants Lavespere and Falgout shows that Neurontin (Gabapentin) was prescribed to the plaintiff to treat back and nerve pain from late 2015 until early 2017. Defendant Dr. Lavespere and other physicians at LSP recognized a pattern of abuse and misuse of Gabapentin by inmates at LSP. Due to the substantial health risks associated with abuse and misuse of Gabapentin, Dr. Lavespere consulted with other LSP physicians and neurologist Dr. Charles Barkemeyer. It was determined that safer alternative medications could be used to effectively treat conditions currently being treated with

Gabapentin at LSP. In early 2017, Dr. Lavespere began transferring inmates to safer alternative medications and began minimizing use of Gabapentin going forward. See R. Doc. 110-6.

In April of 2017, the plaintiff was examined and was prescribed Cymbalta to treat his pain. The plaintiff refused to take Cymbalta or any other similar medication. Although the plaintiff has been diagnosed with Hepatitis C, his medical records contain no evidence of liver dysfunction which would prevent him from being safely treated with Cymbalta. The plaintiff has been treated with various other medications and continues to be prescribed Baclofen for his pain. Gabapentin remains available as a treatment option if such treatment is deemed medically necessary and appropriate. *See* R. Docs. 110-4, 110-5, and 110-6.

With regards to this claim, the plaintiff primarily relies on his Declaration (R. Doc. 113-1) which is largely comprised of conclusory statements, conjecture, hearsay, and statements not made on personal knowledge. Even if defendant Dr. Lavespere was made aware of the abuse and misuse of Gabapentin due to a security issue, because of the substantial health risks associated with such behaviors, Dr. Lavespere consulted other LSP physicians and a specialist, Dr. Barkemeyer. These physicians collectively determined that safer alternative medications could be used to treat inmates currently being treated with Gabapentin. If the plaintiff has not received effective treatment for his pain, it is not due to deliberate indifference on the part of the defendants. Rather, it is due to all appropriate treatment for neuropathy being "categorically refused." *See* R. Doc. 110-4, p. 113.

The plaintiff has failed to direct the Court's attention to specific evidence in the record which demonstrates that he can satisfy a reasonable jury that he is entitled to a verdict in his favor.[3] No evidence that the defendants have denied the plaintiff treatment, purposefully provided

---

[3] *See Lechuga v. S. Pac. Transp. Co.*, 949 F.2d 790, 798 (5th Cir. 1992) ( "Conclusory statements in an affidavit do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment.")

him improper treatment, or ignored his medical complaints has been presented. Rather, the competent summary judgment evidence submitted by the defendants shows that the plaintiff is under the care of a neurologist and other physicians for his pain. However, the plaintiff refuses to follow the treatment plan of the specialist because he believes he should be prescribed Gabapentin. The defendants are entitled to summary judgment.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommend dismissal of the plaintiff's claims over which this Court has original jurisdiction, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's potential state law claims.

## **RECOMMENDATION**

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 110) be granted and that the plaintiff's claims be dismissed, with prejudice. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on September 29, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**