## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RANDY MCDONALD (#452858)

CIVIL ACTION

VERSUS

NO. 18-743-SDD-SDJ

DR. RANDY LAVESPERE, ET AL.

## **RULING**

Before the Court is the plaintiff's Motion to Reconsider (R. Doc. 121) wherein the plaintiff moves for the Court to vacate its Ruling (R. Doc. 120) granting the defendants' Motion for Summary Judgment (R. Doc. 110) and dismissing this action with prejudice.

When a motion for reconsideration "'calls into question the correctness' of the judgment," the Court considers it under Fed. R. Civ. P. 59(e). *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)). "Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Templet*, 367 F.3d at 479). "'Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" *Id.* (quoting *Templet*, 367 F.3d at 479). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id.* (quoting *Templet*, 367 F.3d at 479).

In the instant matter, the plaintiff has not identified a manifest error of law or fact, presented new evidence, or shown an intervening change in controlling law.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Reconsider (R. Doc. 121) is **DENIED**.

Baton Rouge, Louisiana the __21__ day of January, 2021.

_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**